UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID ANDERSON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF VETERAN'S AFFAIRS,
PATRICIA BURKETT, FLORIDA
AGENCY HEALTH CARE
ADMINISTRATION & AFFILIATES,
and BAYVIEW REHAB SAMANTHA
WILSON CARE CENTER,

    Defendants.
_____/

Case No: 6:25-cv-196-JSS-DCI

## ORDER

Defendants Patricia Burkett and the Florida Agency Health Care Administration[1] move to dismiss the amended complaint (Dkt. 4) and, in the alternative, move for a more definite statement. (Dkts. 13, 15.) Plaintiff, David Anderson, proceeding pro se,[2] opposes the motions. (Dkts. 47, 48.) Upon

---

[1] The Florida Agency for Health Care Administration notes that Plaintiff incorrectly names the "Florida Agency for Health Care Administration & Affiliates," which "is neither a person nor [an] entity subject to the personal jurisdiction of this [c]ourt." (Dkt. 15 at 2.) Accordingly, this order refers to this Defendant as the Florida Agency for Health Care Administration throughout the complaint, except when quoting Plaintiff. If Plaintiff repleads, he shall correct this error in the second amended complaint.

[2] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

consideration, for the reasons outlined below, the court grants in part and denies in part Defendants' motions.

## BACKGROUND

Plaintiff brings this case against the United States Department of Veterans' Affairs, Patricia Burkett, the "Florida Agency Health Care Administration & [A]ffiliates," and "BayView Rehab Samantha Wilson Care Center, et al." (*Id.* at 2.) Plaintiff asserts six claims: 1) "Discrimination & Reprisal in Veterans Affairs Administration of Benefits, Health Insurance, and Military Burial Benefits," 2) "Wrongful Death, Negligence, Elder Abuse, and Concealment of Death & Body," 3) "Nursing Home Care Negligence, Elder Abuse, Exploitation," 4) "Abuse of Power, Self-Dealing, Exploitation, Tortious Interference in Relationships, Contracts, Inheritance Rights," 5) "Reprisal or Retaliation of Whistleblowing Representative," and 6) "Tortious Interference with Relations or Contracts and Emotional Distress." (*Id.*) Plaintiff also appears to assert additional claims as subparts to his first claim, including claims for a) "Discrimination & Reprisal in VA Benefits of Military Burial Requests," b) "Discrimination in VA Benefits & Health Insurance," c) "Health Care Disability Exemption Discrimination & Retaliatory Actions," and d) "Exploitation of Vulnerable Persons Status Applies in Present Case." (*Id.* at 8–10.) Subsection a) is further divided into claims for i) "Title 38 U.S.C. Chapter 1, Parts 15 & 18; Chapter 23 (VA Form 21P-530EZ)" and ii) "Request for Moving Graves." (*Id.* at 8–9.)

Plaintiff's claims seem to stem from events leading up to and following the death of Plaintiff's father.[3] (*Id.* at 8.) Plaintiff appears to allege that Defendants sold his father's house, car, and other property and held his father against his will in a nursing home. (*Id.* at 11–14.) There, Plaintiff's father was allegedly subjected to elder abuse and died, possibly as a result of this abuse. (*Id.*) Defendants then allegedly concealed records relating to Plaintiff's father, causing Plaintiff to not learn about his father's death until years later. (*Id.* at 8–9, 11.) It appears that Plaintiff then requested various records and a military burial and honors for his father, which have all been delayed or denied. (*Id.* at 8–9.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"

---

[3] The underlying facts and bases for the claims are unclear, especially because the complaint does not include a fact section. (*See id.*) The confusion is compounded, given that the facts are not listed in chronological order. (*See id.* at 8 (discussing events that happened between 2021 and 2025); *id.* at 9 (discussing events from 2015 and 2023); *id.* at 10 (discussing events that occurred in 2018, 2019, and 2020).)

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

Defendants move to dismiss the amended complaint for failure to state a claim. (Dkts. 13, 15.) The Florida Agency for Health Care Administration specifically notes that the amended complaint "alleges six counts in a 'shotgun' pleading, all co-mingled together and unintelligible" and "does not specify which [c]ounts apply to which

Defendants." (Dkt. 15 at 3.) While Burkett does not explicitly assert that the amended complaint constitutes a shotgun pleading, she does argue that the counts are "comingled and unintelligible" and notes that the amended complaint "does not identify which counts apply to which [D]efendants." (Dkt. 13 at 1.)

Because the court agrees that the complaint is a shotgun pleading, it grants the motions on that basis and denies them without prejudice on the other asserted bases. *See Murray v. Taylor*, No. 6:24-CV-6-CEM-LHP, 2024 WL 4956968, at *4 (M.D. Fla. July 31, 2024), *report and recommendation adopted by* No. 6:24-CV-6-CEM-LHP, 2024 WL 4647947, at *2 (M.D. Fla. Nov. 1, 2024) (collecting cases); *Laing v. Cordi*, No. 2:11-CV-566-FTM-29, 2012 WL 2999700, at *2 (M.D. Fla. July 23, 2012) ("[T]he [c]ourt cannot resolve the substantive issues [in the motions to dismiss] because the [operative] [c]omplaint is a shotgun pleading."); *Tunstall v. William E. Donaldson Corr. Facility*, No. 2:24-CV-01504-RDP, 2025 WL 51945, at *7 (N.D. Ala. Jan. 8, 2025) (explaining that the court could not determine the applicability of qualified immunity because of the shotgun nature of the pleading); *Smith v. Automatic Data Processing, Inc.*, No. 8:20-CV-2936-CEH-CPT, 2021 WL 4148326, at *4 (M.D. Fla. Sept. 13, 2021) (dismissing a complaint as a shotgun pleading and finding a statute of limitations defense "not appropriate based on the current state of the pleadings").

Plaintiff's complaint is a shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. The amended complaint implicates at least two categories. (*See* Dkt. 4.) The amended complaint does "not separat[e] into a different count each cause of action or claim for relief."

- 5 -

*Weiland*, 792 F.3d at 1323; *see, e.g.*, *id.* at 1323 n.13 (collecting cases). (*See* Dkt. 4 at 8–16 (listing six counts with an additional six identified sub-counts).) For instance, in count six Plaintiff brings a claim for "Tortious Interference with Relations or Contracts and Emotional Distress." (*Id.* at 15.) However, these are multiple causes of action, each with their own elements. To state a claim for tortious interference with business relations under Florida law, a plaintiff must allege "(1) the existence of a business relationship . . ., (2) knowledge of the relationship on the part of the defendant[,] (3) an intentional and unjustified interference with the relationship by the defendant[,] and (4) damage to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)). Emotional distress can either refer to a claim for intentional infliction of emotional distress (IIED), or negligent infliction of emotional distress (NIED). Under Florida law, to state a claim for IIED, a plaintiff must establish that (1) the defendant acted recklessly or intentionally, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff's emotional distress, and (4) the plaintiff's emotional distress was severe. *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla. 1985). In contrast, a claim of NIED requires that a plaintiff establish (1) deliberate or reckless infliction of mental suffering, (2) by outrageous conduct, (3) which conduct must have caused the suffering, and (4) the suffering was severe. *See Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985)). Thus, to the extent that these causes

of action are distinct, they must be pleaded separately. Accordingly, in the second amended complaint Plaintiff "must ensure that each distinct cause of action . . . is pled in its own separate count." *Litke v. P.B. Express, Inc.*, No. 3:23-CV-1266-MMH-PDB, 2024 WL 3634947, at *3 (M.D. Fla. June 14, 2024).

The amended complaint also asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. The amended complaint routinely refers to the actions of "Defendants" without delineating the roles or alleged wrongs attributable to each of the four named Defendants. (*See* Dkt. 4 at 12 ("Defendants held Plaintiff against his will . . . ."); *id.* at 13 "Defendants sold Plaintiff[']s [p]ersonal [r]esidence . . . ."); *id.* at 15 ("Defendants held [them]selves out to Plaintiffs[] as a VA accredited attorney or agent . . . .").) *See Pyatt v. Gimenez*, No. 1:20-CV-20827, 2020 WL 4003495, at *5 (S.D. Fla. July 15, 2020) (dismissing complaint that "assert[ed] multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions"); *Hewlett Packard Enter. Co. v. Digicom Tech., LLC*, No. 6:18-cv-1847-Orl-40GJK, 2018 WL 7412892, at *1 (M.D. Fla. Nov. 1, 2018) (dismissing a complaint as a shotgun pleading where "each [c]ount assert[ed] claims against two named and twenty unnamed Doe Defendants without delineating each Defendant's liability-creating conduct").

Plaintiff responds that the amended complaint "demonstrates [that] the four Defendants are 'jointly and severally' liable." (Dkt. 47 at 16.) Even if Plaintiff wishes

to allege that each party is ultimately responsible for the actions of another, Plaintiff must still "explain who is responsible for precisely which alleged actions." *Dubose v. Wish Farms Inc.*, No. 8:24-CV-01810-KKM-TGW, 2024 WL 4987427, at *1 (M.D. Fla. Sept. 26, 2024). Further, Plaintiff "do[es] not allege any facts supporting such 'joint and several liability.'" *King v. UA Loc. 91*, No. 2:19-CV-01115-KOB, 2021 WL 2453995, at *9 (N.D. Ala. June 16, 2021). Conclusory assertions of joint and several liability do not bring clarity to Plaintiff's allegations. *See Turner v. US Bank*, No. 1:18-CV-3272-LMM-LTW, 2019 WL 2344148 at *4 (N.D. Ga. Mar. 11, 2019) (stating that "characteristics of a 'quintessential' shotgun pleading" include vague allegations of "joint and several liability" and the failure to "specifically allege the conduct of each [d]efendant" (citing *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002))).

If Plaintiff repleads, he shall refrain from referring to Defendants collectively and shall instead identify the specific actions he alleges are attributable to each Defendant. He shall also clarify the Defendant or Defendants for each count. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 664 (11th Cir. 2019) (affirming a dismissal on shotgun pleading grounds when counts "failed to specify the exact conduct each defendant engaged in as to each count"); *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1207 (M.D. Fla. 2021) ("[L]ump[ing] all allegations against each defendant together . . . is an unacceptable form of establishing a claim for relief.").

Accordingly, the court dismisses the complaint without prejudice as a shotgun pleading. *See Mikov v. Village of Palm Springs*, No. 23-13311, 2024 WL 3178043, at *3

(11th Cir. June 26, 2024) (affirming a dismissal without prejudice on shotgun pleading grounds when the complaint "made it overly burden[]some to identify which facts support[ed] each claim"). If Plaintiff repleads, he shall heed this order to avoid a future shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). The court cautions Plaintiff that an amended complaint supersedes a previous complaint. *See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020). If Plaintiff files an amended complaint, he shall "list each cause of action into a separately numbered count, with one legal theory per count, and a specifically named defendant or defendants per count." *Omni Healthcare Inc. v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2024 WL 4235850, at *6 (M.D. Fla. Sept. 19, 2024) (quotation omitted). Plaintiff "shall not lump[] together multiple theories in one count; instead, he shall narrow down and separate out his theories of liability such that each asserted theory gets its own count in the amended pleading." *Pringle v. Seminole Cnty. Pub. Schs.*, No. 6:24-cv-835-JSS-DCI, 2025 WL 20019, at *7 (M.D. Fla. Jan. 2, 2025) (quotation omitted); *see Ortiz v. Carnival Corp.*, No. 20-24838-Civ-Scola, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020) ("Each distinct theory . . . is a separate cause of action that must be asserted independently and with corresponding supporting factual assertions." (collecting cases)).

Additionally, Plaintiff must include in each count the elements for that count's claim and the factual allegations supporting those elements because "a formulaic recitation of the elements of a cause of action," standing alone, "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Each count must include only the elements

and facts applicable to it. *See Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which he is proceeding[,] clearly list what facts apply to that count[,] clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016). "Plaintiff shall incorporate into each count only those factual allegations necessary to support the count." *Pringle*, 2025 WL 20019, at *7.

      Finally, if Plaintiff repleads, Plaintiff is advised to list all facts in chronological order and in a separate fact section using numbered paragraphs as required by Federal Rule of Civil Procedure 10, rather than presenting the facts for the first time under each of the claims in narrative form. Plaintiff should then mention the relevant numbered paragraphs under each count so Defendants and the court can determine which facts are relevant to which claims. Further, Plaintiff must comply with the typography requirements outlined in Middle District of Florida Local Rule 1.08(a) in all filings. Plaintiff should also clarify how many Plaintiffs there are in the case. If Plaintiff intends to bring this action on behalf of an estate, Plaintiff must plead or otherwise allege authority to bring such an action. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1161 (M.D. Fla. 1996) (dismissing a complaint based on the

plaintiffs' lack of standing to bring a wrongful death action because the plaintiffs failed to allege that they were bringing the suit as personal representatives, as opposed to merely relatives, of the deceased); *see also Reshard v. Britt*, 839 F.2d 1499, 1501 (11th Cir. 1988) ("[U]nder Florida law, the personal representative is the only person who may bring a wrongful death action on behalf of a decedent's estate and survivors; a person proceeding merely as a survivor, for example, cannot maintain a wrongful death suit." (emphasis omitted)).

## CONCLUSION

Accordingly:

1. The motions to dismiss (Dkts. 13, 15) are **GRANTED in part and DENIED in part**. Plaintiff's amended complaint (Dkt. 4) is **DISMISSED without prejudice** as a shotgun pleading. The motions are otherwise **DENIED without prejudice**.

2. Plaintiff may file a second amended complaint on or before October 31, 2025. The court cautions Plaintiff: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).

3. If the second amended complaint fails to correct the deficiencies identified in this order or to comply with any of this order's directives, the court may dismiss the second amended complaint without notice to Plaintiff.

**ORDERED** in Orlando, Florida, on October 8, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party